## Adler *v.* Dickstein, Appellant, et al.

Argued March 4, 1940.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Irving L. Epstein,* for appellant.

*J. D. Riefsnyder,* of *Stark, Bissell & Riefsnyder,* for appellee.

OPINION BY STADTFELD, J., April 10, 1940:
The final decree of the court below, sitting in equity,

ordered the respondent, Harry Dickstein, to account for the proceeds of liquidation of the Windsor Knitting Mills, Inc., a New Jersey corporation, and to pay the complainant, Albert Adler, out of the said proceeds, the sum of $656.50 with interest from January 21, 1936, representing the amount of a judgment debt due him from the corporation. The entry of this decree constitutes the sole assignment of error.

The findings of fact made by HOBAN, J., as chancellor, are not now disputed and are substantially as follows: Respondent, Harry Dickstein, was a stockholder of Windsor Knitting Mills, Inc., a New Jersey corporation, in the amount of $15,000. He was also elected director of the corporation. Between January 7, 1935 and October 3, 1935, he advanced and loaned the total sum of $20,000 to the corporation and received, as security for the loans, four judgment notes totaling that amount. On November 16, 1935, at a meeting of the corporation, a resolution was adopted to liquidate the assets of the corporation by sale. It was agreed and understood between the corporation and Harry Dickstein that all the creditors of record of the corporation were to be paid in full and thereafter whatever money was left, was to be paid to Harry Dickstein on account of the loans made to the corporation. At a meeting held the following week, the corporation made an assignment to respondent, of all the proceeds or moneys to be derived from the liquidation as well as the book accounts and the moneys or accounts receivable of the corporation. As a result of the liquidation and the assignments upon dissolution of the corporation, respondent received $13,392.15 on account of the $20,000 loan.

The complainant, Albert Adler, had been employed by the Windsor Knitting Mills, Inc., as a salesman under a contract commencing July 1, 1935. Having been discharged on September 3, 1935, he brought suit for breach of said contract in the Municipal Court of

the City of New York on September 20, 1935. Service was made upon the corporation and an appearance entered. On January 21, 1936, after the corporation had entered into a voluntary dissolution, Mr. Adler was awarded a judgment against the corporation in the sum of $656.50.

Thereafter on January 21, 1937, Mr. Adler filed a bill in equity against the respondents, Harry Dickstein and Eva Dickstein, seeking to compel them to render an accounting of all assets and disbursements made by them or the Windsor Knitting Mills, Inc., and praying that they be declared individually and jointly responsible to complainant upon the judgment debt owed by the Windsor Knitting Mills, Inc. The bill was dismissed as to Eva Dickstein and no appeal taken. Relief was granted as requested only against Harry Dickstein, the appellant herein.

The Windsor Knitting Mills, Inc., was incorporated under the laws of the State of New Jersey. The provisions of the Corporation Law of that state governing the dissolution of corporations are, inter alia, as follows: "All corporations, whether they expire by their own limitation or be annulled by the legislature or otherwise dissolved, shall be continued bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them to settle and close their affairs, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which they were established": L. 1896, ch. 185, p. 295, No. 53 (C. S. p. 1634, No. 53).

"Upon the dissolution in any manner of any corporation, the directors shall be trustees thereof, with full power to settle the affairs, collect the outstanding debts, sell and convey the property and divide the moneys and other property among the stockholders, *after paying its debts,* as far as such moneys and property shall enable them ......" (Italics supplied): L. 1896, ch. 185, p.

295, No. 54, as amended by L. 1910, ch. 36, p. 51, No. 1 (C. S. p. 1635, No. 54) ; L. 1933, ch. 246, p. 670; L. 1934, ch. 16, p. 61.

"The directors, constituted trustees as aforesaid, shall have authority to sue for and recover the aforesaid debts and property by the name of the corporation, and shall be suable by the same name, or in their own names or individual capacities, for the *debts* owing by such corporation, and shall be jointly and severally responsible for such debts, to the amount of the moneys and property of the corporation which shall come to their hands or possession as such trustees." (Italics supplied) : L. 1896, ch. 185, p. 295, No. 55 (C. S. p. 1636, No. 55).

Appellant earnestly contends that appellee's claim, which served as a basis for the bringing of the bill in equity, does not constitute a "debt" within the meaning of the New Jersey statute. This contention is predicated upon the ground that appellee's claim was an unliquidated claim for damages, not reduced to judgment at the time of the corporation's dissolution. Appellant claims, therefore, to be free from liability for its payment. The appellate court of New Jersey has held otherwise and the construction adopted in that state will be applied by this court.

In the case of *Rosenbaum v. United States Credit System Co.*, 61 N. J. L. 543, 548, 549, 40 A. 591, the Court of Errors and Appeals of New Jersey, construing the corporation law of that state enacted by the Act of 1896, said: "The general scheme of the statute contemplates the ascertainment and payment of all just claims against the corporation. The terms 'creditor' and 'debt' are not used in a narrow, restricted, or technical sense. By its provision for reference of a claim to a jury (1 Gen. St. p. 922 §78; P. L. 1896, p. 302, §77), machinery whereby the amounts of claim sounding in unliquidated damages may be ascertained is provided, and such claims are brought within the term

'debts'. We agree with the view. taken in the court of chancery with respect to the liberality with which the statutes are, in this respect, to be construed. *Spader v. Manufacturing Co.*, 47 N. J. Eq. 18, 20 Atl. 378; *Bolles v. Chemical Co.*, 53 N. J. Eq. 614, 32 Atl. 1061." Applying the law of New Jersey as construed by the courts of that state, we hold appellee's judgment, derived from a claim for breach of contract, to constitute a debt of the corporation and regard appellee as a creditor.

Appellant urges the view that his own claim, held by him as a creditor of the corporation, is, by reason of the corporation's assignment of its liquidated assets to him, entitled to priority over appellee's claim, regarded as a debt of the corporation. He claims the assets of the corporation coming into his hands as a preferred creditor, rather than in the capacity of director or statutory trustee under the laws of New Jersey governing the dissolution of a corporation. This position, however, completely overlooks the circumstances and terms under which the assignment was made.

The evidence contained in the record indicates that the assignment was made by the corporation to Harry Dickstein in pursuance of an agreement by and between them that all the creditors of the corporation would first be paid, and the court, sitting as chancellor, found that appellant was to receive no money on account of the assignment until every creditor of record of the corporation had been paid in full. It appears from the record that all creditors of the corporation, except Albert Adler, appellee, had been paid, before appellant had received the $13,392.15 from the liquidated assets following dissolution. It is clear, therefore, that the terms of the transaction between the corporation and appellant had no such effect as he maintains, of placing him in the position of a preferred creditor with a lien on the liquidated assets. On the contrary, his own

452

claim as creditor was voluntarily deferred to the claims of all the others, including that of the appellee. When the proceeds of the corporation's assets first came into his hands, appellant received them in the capacity of statutory trustee. He now seeks to retain those proceeds for his own use as a creditor of the corporation to the exclusion of the just demand of the appellee. This he cannot do. He is prevented from so doing not only by the responsibility placed upon him by the provisions of the New Jersey statute enacted for the protection of the creditors of a dissolved corporation, but also by the obligation arising under the assignment transaction.

For the reasons given, appellant is prevented from setting off any indebtedness of the corporation to him personally against appellee's claim on the proceeds collected on liquidation. It may be pointed out that the present case is not one wherein a stockholder indebted to a corporation is entitled, in a suit against him, to set off his own claim as a creditor of the corporation. Although it is true that appellant was a stockholder of the corporation, the present action was not brought against him as such on the basis of a stockholder's liability. Hence, the cases cited on this point by appellant are inapplicable.

We can see no real reason for barring appellee's claim on the ground of laches.

There is no dispute as to the fact that $13,392.15 was received by appellant as a result of the liquidation of the corporation's assets upon dissolution. This sum came into his hands or possession as a statutory trustee under the law of New Jersey. It is adequate for the payment of appellee's claim. Appellee is therefore entitled to a money decree in the full amount of his claim, $656.50, without the necessity of an accounting for the remainder of the proceeds.

The decree of the court below is affirmed as modified, with directions to enter a money decree in the amount of $656.50 with interest, in favor of appellee.